IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MICHELANGELO CAPUA,<br>in his capacity as Personal Representative<br>of the ESTATE OF CARLO CAPUA,<br>deceased<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>DUNCAN AVIATION, INC.,<br>a Nebraska Corporation,<br><br>　　　　　　　　　　　　　Defendant. | Case No. _____<br><br>**COMPLAINT TO RECOGNIZE<br>FOREIGN JUDGMENT** |

COMES NOW Plaintiff, Michelangelo Capua ("Mr. Capua"), in his capacity as Personal Representative of the Estate of Carlo Capua, deceased, by and through his counsel, and for his Complaint against Defendant, Duncan Aviation, Inc., ("Duncan") a Nebraska Corporation, states and alleges as follows:

### PARTIES

1.  Mr. Capua is the Personal Representative of the Estate of Carlo Capua ("the Decedent").

2.  Mr. Capua is an Italian citizen, living in Rome, Italy.

3.  Prior to his death, the Decedent was an Italian citizen, living in Rome, Italy.

4.  Duncan is a business corporation, formed under the laws of the State of Nebraska, with its principal place of business in Lincoln, Nebraska.

5.  Venue is appropriate pursuant to 28 U.S.C. § 1391.

6.  The Court has jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(a)(2).

## FACTS

7. Prior to his death, the Decedent was an attorney licensed to practice law in Rome, Italy.

8. In June of 1990, Duncan retained the Decedent to represent it in a lawsuit against an individual name Giovanni Marra (the "Replevin Action").

9. The original purpose of the Replevin Action was to repossess an aircraft, located in Italy, which was owned by Duncan and leased to Mr. Marra.

10. During the pendency of the Replevin Action, the Decedent simultaneously negotiated, on Duncan's behalf, the purchase of two other aircraft unrelated to the Replevin Action.

11. Through the Decedent's efforts, Duncan was able to successfully repossess its aircraft from Mr. Marra.

12. In accordance with the procedural process of the Italian Civil action court system, the Replevin Action was resolved in October, 2005.

13. The Decedent billed Duncan for his legal services on October 21, 2009, after the need for his representation had come to an end.

14. The Decedent's billing methods were customary in Italy.

15. Despite multiple demands and attempts to obtain payment, Duncan refused to pay the October 21, 2009 invoice.

16. On March 3, 2011, the Decedent filed suit in the Tribunale Ordinario di Roma (the "Tribunale"), against Duncan, to recover all amounts due and owing to the Decedent from Duncan (the "Italian Lawsuit"). A true and correct copy of the Italian Lawsuit, originally filed in both Italian and English, is attached hereto as Exhibit A.

17. The Tribunale is the court of general jurisdiction in Rome, charged with

the adjudication of civil disputes.

18.  On April 8, 2011, the English translation of the Italian Lawsuit was served, by Process Forwarding International, upon Duncan Aviation. A true and correct copy of the Certificate Attestation of Service is attached hereto as Exhibit B.

19.  Despite being served with the Italian summons, Duncan failed to attend the January 12, 2012, hearing and was declared in absentia by the Tribunale.

20.  On May 28, 2013, the Tribunale entered judgment against Duncan in the amount of €136,413.03 for costs of the legal services owing to the Decedent from Duncan, and another €7,000.00 for the legal fees incurred in obtaining the May 28, 2013, judgment. A true and correct copy of the May 28, 2013, Judgment, in its original Italian, is attached hereto as Exhibit C. A true and accurate translation of Exhibit C is attached hereto as Exhibit D.

21.  The Tribunale calculated the amount of damages owing to the Decedent through reference to established Italian rate schedules.

22.  On February 5, 2014, the clerk of court for the Tribunale filed a Certificate of Final Passage of Sentence, which the clerk of court attached to the May 28, 2013, Judgment, making the May 28, 2013, Judgment final and unappealable. A true and correct copy of the May 28, 2013, Judgment, with the attached Certificate of Final Passage of Sentence, in its original Italian, is attached hereto as Exhibit E. A true and accurate translation of Exhibit E is attached hereto as Exhibit F.

23.  The translations found at Exhibits D and F were created by Abdulaziz M. Hussen, a translator fully competent in both the Italian and English languages and recognized by the U.S. Federal Courts as "Language Skilled" in Italian. Attached hereto as Exhibit G is the Affidavit of Mr. Hussen, stating that the translations are true and

accurate.

24. Affixed to Exhibit A, Exhibit B, Exhibit C and Exhibit E are Apostilles executed in conformance with the Hague Convention Abolishing the Requirement for Legalization for Foreign Public Documents.

## REQUEST FOR RECOGNITION OF THE MAY 28, 2013 ITALIAN JUDGMENT

25. The Tribunale, as the Roman court charged with the adjudication of civil lawsuits in Rome, is a court of competent jurisdiction.

26. The Tribunale provided Duncan with the opportunity for a full and fair trial on the issue of the non-payment of the Decedent's legal fees.

27. The Tribunale is governed by Italian civil procedure, which exists, in part, to ensure the fair and impartial administration of justice.

28. Through adherence to its own established court rules and procedures, the Tribunale ensured that the trial was conducted without prejudice or fraud.

29. The Tribunale had proper jurisdiction over Duncan because Duncan had entered into a contract which needed to be, and was, performed in Italy.

30. The May 28, 2013, Judgment does not violate the public policy of the United States.

WHEREFORE, Plaintiff, Michelangelo Capua, in his capacity as Personal Representative of the Estate of Carlo Capua, deceased, requests that the Court enter judgment against Defendant, Duncan Aviation, in the amount of €143,413.03, plus pre-judgment and post-judgment interest as provided by law, incidental and consequential damages suffered by Plaintiff as a result of Defendant's failure to pay the amount owed, Plaintiff's costs incurred herein and such other relief as the Court deems appropriate.

Dated this 29th day of October, 2014.

        Michelangelo Capua, in his capacity as personal representative of the Estate of Carlo Capua, deceased, Plaintiff.

        By:   /s/ Colin J. Bernard
            Mary L. Hewitt, #19826
            Colin J. Bernard, #24511
            MCGILL, GOTSDINER,
             WORKMAN & LEPP, P.C., L.L.O.
            11404 West Dodge Road, Suite 500
            Omaha, NE 68154-2584
            402-492-9200
            402-492-9222 (Facsimile)
            MaryHewitt@mgwl.com
            ColinBernard@mgwl.com
            ATTORNEYS FOR PLAINTIFF